IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2017 MAY 12 P 3 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BETH HEMBY, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NUMBER: 2:17-cv-315 |
| | ) CV-17- |
| | ) JURY DEMAND |
| | ) |
| THE CITY OF EUFAULA, and | ) |
| MAYOR JACK B. TIBBS, JR., in his | ) |
| individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1.      This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) *et seq.*, as amended by "The Civil Rights Act of 1991," (hereinafter "Title VII"), 42 U.S.C. §1981 and 42 U.S.C. §1983, which provide for relief against discrimination in employment on the basis of sex and retaliation.  Specifically, Plaintiff alleges that the Defendant discriminated and retaliated against her based upon sex in the terms and conditions of her employment and terminated her employment in violation of Title VII.  The Plaintiff seeks compensatory and punitive damages and requests a jury trial pursuant to 42 U.S.C. §1981a.

2.      Plaintiff alleges Defendant unlawfully discriminated and retaliated against her based on sex in the terms and conditions of her employment and in her termination.

1

## JURISDICTION AND VENUE

3.      The unlawful employment practices alleged hereinbelow were committed by the Defendants within Barbour County, Eufaula, Alabama. Venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

4.      Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. §2000e-5; and 42 U.S.C. §§12112, 12117(a) and 12203, which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981a and the "Civil Rights Act of 1866," as amended by §101 of the "Civil Rights Act of 1991."

5.      Jurisdiction over this action is also conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6.      Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

7.      The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## PARTIES

8.      Plaintiff Beth Hemby (hereinafter sometimes referred to as "Hemby") is a Caucasian female citizen of the United States, and a resident of the State of Alabama. Hemby was formerly employed by the Defendants.

9.      Defendant, The City of Eufaula, (hereinafter sometimes referred to as "City of Eufaula") is an employer within the meaning of 42 U.S.C. §2000e(a) and (b). At all times relevant to this action, Defendant has employed at least fifteen (15) or more employees.

10.     Defendant City of Eufaula is only being sued pursuant to Title VII.

11.     Defendant, Mayor Jack B. Tibbs, Jr., (hereinafter sometimes referred to as "Mayor

Tibbs") is an employer within the meaning of 42 U.S.C. §2000e(a) and (b). Tibbs is being sued in both his individual capacity and official capacity as Mayor pursuant to Title VII and 42 U.S.C. §§1981 and 1983.

12.    Defendant Tibbs is one of the individuals with final decision-making authority for Defendant City of Eufaula. In addition Defendant Tibbs was one of individuals was final decision-making authority on Plaintiff's job.

13.    Defendants are located and doing business within this District and Division.

14.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of Title VII.

## ADMINISTRATIVE PREREQUISITES

15.    Plaintiff has met all administrative conditions precedent for the filing of this case under Title VII. Plaintiff timely filed a charge of discrimination and has received her Right-to-Sue Notice. Plaintiff has timely brought this action following the issuance of her Right-To-Sue Notice.

16.    On or about September 1, 2016, Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") setting forth the continuos claims of sex discrimination and retaliation against the Defendants within 180 days of the occurrence of the last discriminatory act.

17.    On or about February 15, 2017, the U.S. Department of Justice, Civil Rights Division, issued and mailed a Notice of Right to Sue within 90 Days to Plaintiff.

18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

19.    Defendants are subject to personal jurisdiction in the State of Alabama for the purpose

3

of this lawsuit.

## FACTS

20.     Jack B. Tibbs, Jr. is the elected Mayor of the City of Eufaula, Alabama.

21.     The plaintiff was employed by the Mayor and City Council of the City of Eufaula as the Director of Planning and Development.

22.     The plaintiff's pay checks came from the accounts of the City of Eufaula.

23.     The plaintiff was also subject to the Personnel Rules and Regulations of the City of Eufaula, Alabama that were approved by the City Council.

24.     The Mayor was the top administrator for the City of Eufaula and managed the day to day operations.

25.     Mayor Tibbs is being sued pursuant to Title VII and 42 U.S.C. §§1981 and 1983.

26.     On or about July 1, 2015, Ms. Hemby was employed by Mayor Tibbs and the City Council of the City of Eufaula, Alabama in the position of Director of Planning and Development.

27.     Ms. Hemby's position was a salaried position, and it was subject to a twelve (12) months probationary period.

28.     Ms. Hemby's direct supervisor was Mayor Tibbs.

29.     During her employment, Ms. Hemby's job duties and responsibilities included, but were not limited to, managing and overseeing the Building Department, Planning & Zoning, the facilities owned by the City, Economic Development, and the Historic Commission.

30.     Ms. Hemby supervised four (4) employees in her department.

31.     Mayor Tibbs was over all employees in the City.

32.     The Personnel Rules and Regulations of the City of Eufaula (hereinafter "Personnel

4

Rules and Regulations") adopted by the City Council contained policies relating to sexual harassment and discrimination, as well as for how probationary employees were to be evaluated and terminated. The Personnel Rules and Regulations also contained a detailed grievance procedure. Pursuant to the Personnel Rules and Regulations, a person could make a complaint of harassment to the Personnel Officer, who at all relevant times was Kelly Trawick.

33.    During the plaintiff's employment, Mayor Tibbs made inappropriate comments of a sexual nature to her which created a sexually discriminatory and sexually hostile work environment.

34.    During her employment with Defendant, Ms. Hemby was not married.

35.    During her employment, Mayor Tibbs would inquire into the plaintiff's personal life and make comments about who she was dating. Mayor Tibbs kept asking questions about the plaintiff's personal and dating life.

36.    During her employment, Mayor Tibbs also would make comments about the plaintiff's looks and would make inappropriate sexually discriminatory comments to her based upon gender, including but not limited to telling the plaintiff she was too pretty to not be married, that people asked him why he hired a cute young decorator to be the Director of Planning and Development, and that he wanted to see her in a "cat fight" with a female resident.

37.    All of these comments and inquiries by Mayor Tibbs made Ms. Hemby uncomfortable and the Mayor's conduct began to create a sexually hostile and discriminatory work environment for her.

38.    After Mayor Tibbs finally met the plaintiff's boyfriend in December 2015, he made inappropriate comments about him to her and insinuated that the plaintiff should not be dating him.

5

39.     After meeting the plaintiff's boyfriend, Mayor Tibbs continued to make other inappropriate comments and inquires of a sexual nature to Ms. Hemby, which continued to make her uncomfortable.

40.     On or about January 21, 2016, Mayor Tibbs made a comment to Ms. Hemby insinuating that she was having an inappropriate sexual relationship with one of the managers of a new business building project in the City, on which Ms. Hemby was working. Mayor Tibbs asked Ms. Hemby if she was having an affair with the manager of this new company that was reopening a closed factory in the City.

41.     Ms. Hemby told Mayor Tibbs that she was not having an affair with this man and that her interactions with him were strictly professional in her role of performing her job duties as Director of Planning and Development.

42.     Ms. Hemby was highly offended by this inappropriate sexual inquiry by Mayor Tibbs and the accusation of her having an affair.

43.     All of these sexually inappropriate comments and inquiries by Mayor Tibbs made the plaintiff very uncomfortable and created a discriminatory and sexually hostile work environment for her.

44.     As a result of these sexually inappropriate comments and inquiries by Mayor Tibbs, the plaintiff went to the Personnel Officer/Human Resources Director, Kelly Trawick.

45.     Shortly after Mayor Tibbs' comments made on or about January 21, 2016, Ms. Hemby went to Personnel Officer/Human Resources Director Trawick (hereinafter "HR Director Trawick") to complain and to seek advice on how to handle the sexual discrimination and sexual harassment issues with Mayor Tibbs.

6

46.     Ms. Hemby informed HR Director Trawick about Mayor Tibbs' comments and Ms. Hemby told HR Director Kelly that she was highly offended about the comments. Ms. Hemby informed HR Director Trawick that she was making a verbal complaint to her because she was worried that, if she made a formal written complaint, Mayor Tibbs would get mad and it would do damage to their working relationship.

47.     In this meeting, Ms. Hemby sought advice from HR Director Trawick on how to handle this discriminatory and harassing situation with Mayor Tibbs without having to file a formal written complaint, since Ms. Hemby was still a probationary employee and could be terminated.

48.     Ms. Hemby informed HR Director Trawick that if Mayor Tibbs continued with this sexually discriminatory and harassing conduct, she would immediately let her know so she could address the matter. HR Director Trawick informed the plaintiff that she would not tell the Mayor or City Council about her complaints.

49.     All of this conduct by the plaintiff's employer was in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII").

50.     After her verbal complaint of sexual discrimination and sexual harassment to HR Director Trawick, Ms. Hemby had to take disciplinary action against one of the employees she supervised. On or about February 11, 2016, Ms. Hemby met with this employee and reprimanded her for failing to follow guidelines regarding leaving the office without consent and concerning the notification of her absences.

51.     After receiving this disciplinary action, the employee filed a grievance with Human Resources against the plaintiff on February 16, 2016.

52.     Ms. Hemby followed the Personnel Rules and Regulations and prepared a written

7

response to the grievance which she submitted on or about Monday February 22, 2016, and with a follow-up on or about February 28, 2016. Ms. Hemby also prepared for the hearing that was supposed to be conducted on the same.

53.     During this time, HR Director Trawick went to the Defendants and sought permission to immediately terminate the plaintiff's employment due to concerns she had that she (plaintiff) might file a complaint of sexual harassment against Mayor Tibbs.

54.     The City Council and/or the Hearing Officer were not provided with the plaintiff's written response to the grievance and no hearing was ever scheduled on the same.

55.     On March 9, 2016, Ms. Hemby was terminated by HR Director Trawick and the city attorney, Courtney R. Potthoff, in retaliation for her verbal complaint of sexual harassment and sexual discrimination against Mayor Tibbs.

56.     Ms. Hemby was escorted by a police officer past the employee who filed a grievance against her and out of the building as if she had committed some crime.

57.     It is also the plaintiff's understanding that HR Director Trawick questioned a male co-worker about whether he and Ms. Hemby were having an affair, and this co-worker told HR Director Trawick that they were not and all of their interactions were work-related and professional. This male co-worker was not similarly reprimanded or terminated.

58.     Ms. Hemby was terminated by the City of Eufaula due to gender discrimination and in retaliation for making her verbal complaints of gender discrimination and sexual harassment.

59.     All of this conduct by the defendant was in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII").

60.     Throughout the plaintiff's employment, she was discriminated against and treated

8

differently in the terms and conditions of her employment because of her gender, female, and in retaliation for making complaints of sexual harassment and gender discrimination, all in violation of Title VII. The plaintiff also was retaliated against and terminated in violation of Title VII.

61. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for lost back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

62. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Title VII cause of action.

**COUNT ONE**

**SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT**

63. The plaintiff re-alleges and incorporates by reference paragraphs 1-62 with the same force and effect as if fully set out in specific detail hereinbelow.

64. In taking the above-described actions, Defendant Tibbs intentionally discriminated against Plaintiff on the basis of her gender, in violation of Title VII and §1983. Specifically, Defendant Tibbs and Defendant City of Eufaula condone and tolerate sexual discrimination and harassment. Defendant Tibbs' actions created, nurtured, tolerated, condoned, or otherwise permitted a sexually hostile environment in violation of Title VII and §1983.

65. Defendant Tibbs' actions were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

66. Plaintiff has been and continued to be discriminated against by Defendants in the terms, conditions and privileges of her employment through the creation and toleration of a sexually charged and hostile work environment and sexually discriminatory work environment.

9

67. Plaintiff was subjected to a sexually hostile work environment which has been authorized, ratified, encouraged and condoned by Mayor Tibbs and the City of Eufaula, Alabama.

68. This sexually hostile environment includes, but is not limited to, sexual comments, sexual harassment and other disparate treatment by which women are treated as inferior, as set out in detail above.

69. The sexually hostile environment changed, and continued to change, the terms and conditions of the employment of the Plaintiff.

70. Supervisors and/or management officials participated in, were aware of, encouraged, and/or condoned the sexually hostile work environment.

71. Plaintiff has been directly affected by the sexually discriminatory and harassing practices described in this Complaint.

72. Plaintiff made good faith complaints in opposition to the sexual discrimination and sexual harassment to which she was subjected.

73. As set out in detail above, in retaliation for the Plaintiff's good faith opposition to sexual harassment and sexual discrimination, Defendants have retaliated against the Plaintiff for protesting and/or complaining about the sexually harassing and discriminatory treatment.

74. Defendants conduct was retaliation based, at least in part, on the Plaintiff's protected activities of opposing sexual discrimination and harassment.

75. The unlawful actions of Defendant Tibbs, as set forth above, constitute a practice, pattern, custom or policy of Defendant Tibbs and Defendant City of Eufaula, Alabama, and the City Council for the City of Eufaula for allowing acts of sexual harassment, sexual discrimination and/or retaliation in violation of its employees' federally protected rights.

10

76.     The conduct of Defendant Tibbs was so severe or pervasive as to create a sexually hostile working environment for Plaintiff.

77.     Defendant Tibbs knew, or should have known, of the sexual harassment, sexual discrimination, and the retaliation of Plaintiff.

78.     Defendant Tibbs failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the sexual harassment, sexual discrimination and/or retaliation of Plaintiff.

79.     The actions of Defendant Tibbs, as set out herein, violate Title VII and §1983.

80.     The actions of Defendant City of Eufaula, as set out herein, violate Title VII.

81.     As a result of the actions of Defendant Tibbs in violation of Title VII and §1983 and Defendant City of Eufaula in violation of Title VII, Plaintiff has been and continues to be injured, suffering distress, humiliation, loss of prestige, mental anguish, emotional pain and suffering and monetary and economic losses.

## COUNT TWO

## GENDER DISCRIMINATION

82.     The plaintiff re-alleges and incorporates by reference paragraphs 1-81 with the same force and effect as if fully set out in specific detail hereinbelow.

83.     As set out in detail above, Defendants intentionally and maliciously discriminated against Plaintiff on the basis of gender in violation of Title VII and §1983 (Defendant Tibbs) by subjecting her to the sexually hostile and discriminatory work environment, by reprimanding her, by terminating her employment, by failing to follow Defendants' policies regarding the terms and conditions of her employment, and by subjecting her to stricter scrutiny than similarly situated

11

employees not in the protected class. Defendants intentionally violated Plaintiff's rights pursuant to Title VII and §1983 (Mayor Tibbs).

84.     All acts of discrimination were done wilfully and with malicious and reckless disregard for the rights of Plaintiff.

85.     In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of her gender in violation of Title VII and §1983 (Mayor Tibbs).  The actions of Defendants  were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

86.     As a proximate consequence of Defendants' actions and the violation of Title VII §1983 (Mayor Tibbs), as set out in detail above, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, and other injuries and damages.

87.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendants' conduct as set forth herein unless enjoined by this Court.

88.     Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, frontpay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

89.     As set out in detail above, the Defendants knew, or should have known, of the sexual discrimination and condoned, ratified and otherwise allowed the sexually discriminatory behavior to continue.

90.     Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendants' policy or custom to allow and condone sexual discrimination in deliberate indifference to rights of Plaintiff.

## COUNT THREE

## RETALIATION

91.     The plaintiff re-alleges and incorporates by reference paragraphs 1-90 with the same force and effect as if fully set out in specific detail hereinbelow.

92.     As set out in detail above, Plaintiff has been intentionally discriminated against and retaliated against in the terms and conditions of her employment and in her termination in violation of Title VII and §1983 (Mayor Tibbs) by Defendants for protesting against sexual discrimination and harassment.

93.     In taking the above-described actions, Defendants intentionally discriminated against and retaliated against Plaintiff for protesting against sexual discrimination and harassment. Employees who have not opposed discrimination or harassment have not been treated in a similar manner as Plaintiff.  The actions of Defendants were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

94.     Plaintiff complained about the retaliatory actions and Defendants failed to take corrective actions to prevent the retaliation and terminated her employment.  Defendants' actions were in violation of Title VII and §1983 (Mayor Tibbs).

95.     As a proximate consequence of Defendants' actions and the violation of Title VII and §1983 (Mayor Tibbs), Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, and other injuries and damages.

96.     The retaliation against Plaintiff was ongoing and of a continuous nature.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this

action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the plaintiff as by Title VII and the amendments thereto, and that Defendant Mayor Tibbs actions also violated 42 U.S.C. §1981 and 42 U.S.C. §1983.

2.     Grant Plaintiff a permanent injunction enjoining the defendants, its agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from engaging in discriminatory and retaliatory employment practices.

3.     Grant Plaintiff reinstatement to her position from which she was retaliatorily and discriminatorily terminated.

4.     Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, a pay raise with backpay in the amount she would have earned but for the unlawful and discriminatory practices of defendants, and reinstatement to the job position from which she was discriminatorily terminated, or in the alternative, frontpay.

5.     Grant Plaintiff an award of compensatory damages and punitive damages (§1983 claims), including but not limited to an award for mental anguish and emotional distress.

6.     Award Plaintiff her costs and expenses, including an award of reasonable attorneys' fees.

7.     Award Plaintiff such other relief and benefits as the cause of justice may require or as may be appropriate.

14

Respectfully submitted,

_____

Candis A. McGowan
Lacey K. Danley
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

The plaintiff demands a trial by jury on all claims triable to a jury.

_____
OF COUNSEL

**DEFENDANTS' ADDRESSES:**

Serve Via Certified Mail -

The City of Eufaula
205 E. Barbour Street
Eufaula, Alabama 36027

Mayor Jack B. Tibbs, Jr.
205 E. Barbour Street
Eufaula, Alabama 36027